IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AARON LAMONT JOHNSON, #190 394, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:16-CV-848-WKW |
| | ) [WO] |
| ALABAMA BOARD OF PARDONS and | ) |
| PAROLES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Donaldson Correctional Facility in Bessemer, Alabama, filed this 42 U.S.C. § 1983 complaint on August 16, 2016.[1] He challenges Defendants' failure to properly consider his multiple requests for a pardon based on his claim of actual innocence.[2] Named as defendants are the Alabama Board of Pardons and Paroles, Phyllis Hill, and Shirley Hartly. Plaintiff requests damages and proper consideration of his request for a pardon. Upon review, the court concludes that dismissal of some claims prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[3]

---

[1] Plaintiff originally filed this action in the United States District Court for the Northern District of Alabama. By order of October 11, 2016, the complaint was transferred to this court. Although the Clerk in the Northern District stamped the complaint "filed" on September 6, 2016, Plaintiff signed his complaint on August 16, 2016. The law is well settled that a *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir.1993). In light of the foregoing and for purposes of the proceedings herein, the court considers August 16, 2016, as the date of filing.

[2] According to the complaint, Plaintiff submitted applications for a pardon in January 2013, November 2014, and November 2015.

[3] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). The statute further provides, in relevant part, that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

## I.  DISCUSSION

**A.  Claims Barred by the Statute of Limitations**

Challenges Plaintiff seeks to make regarding a request and/or consideration for a pardon which occurred prior to August 16, 2014, are barred by the statute of limitations applicable to actions filed by an inmate under 42 U.S.C. § 1983.

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406, 1409 (11th Cir. 1985).  Selection of a limitations period for § 1983 actions changed several times [between 1985 and 1989].  Alabama law, however, provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose. *Tyson v. Johns Manville Sales Corp.*, 399 So.2d 263, 269-70 (Ala. 1981).  It is undisputed that § 1983 claims were subject to a two year limitations period at that time. *See Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483-84 (11th Cir. 1989) (Jones II).

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994).  When Plaintiff filed the instant complaint, the statute of limitations for actions brought under 42 U.S.C. § 1983 was two years. *Owens v. Okure*, 488 U.S. 235, 249-250 (1989) (the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992).  In Alabama, the general statute of limitations for personal injury actions is two years. *Ala. Code* § 6-2-38(l).

Although the state statute of limitations applies, the time of accrual is a federal question. *See Cox v. Stanton*, 529 F.2d 47, 49-50 (4th Cir. 1975).  The running of the statute of limitations begins when a plaintiff knows or has reason to know of his injury. *Id*.

Plaintiff seeks to challenge an alleged unconstitutional pardon consideration proceeding and/or adverse decision in this regard which occurred in February 2013. The statute of limitations

---

dismiss the case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

2

relative to these claims expired in February 2015. As previously noted, Plaintiff filed the instant complaint on August 16, 2016, which was after the two-year period of limitation had expired regarding the challenged February 2013 conduct. The court, therefore, concludes that Plaintiff's challenges to the February 2013 decision concerning his request for consideration of a pardon and/or the procedures utilized in this regard are barred by the applicable statute of limitations. These claims are, therefore, subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. Ga. Pardons and Parole Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990) (in an action proceeding under § 1983, the court may consider, *sua sponte*, affirmative defenses apparent from the face of the complaint); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## B.  The Alabama Board of Pardons and Paroles

Defendant Alabama Board of Pardons and Parole is not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). Plaintiff's complaint against the Alabama Board of Pardons and Parole is "based on an indisputably meritless legal theory," and is, therefore, subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## C. Defendants Hill and Hartly

### 1. Official Capacity Claims

To the extent Plaintiff seeks to sue Defendants Hill and Hartly in their official capacities, as state officials, these defendants are absolutely immune from suit for damages. *See Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1277 (11th Cir. 1998) (state officials sued in their official capacities are protected from suit for damages under the Eleventh Amendment). "A state, a state agency, and a state official sued in his [or her] official capacity are not 'persons' within the meaning of § 1983,

thus damages are unavailable." *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1524 (11th Cir. 1995).

### 2. Individual Capacity Claims

Plaintiff complains that Defendants Hill and Hartly improperly denied his request for consideration of a pardon based on actual innocence. Plaintiff seeks monetary damages from these defendants.

The Eleventh Circuit has long recognized that pardon and parole board members are entitled to quasi-judicial immunity from suits requesting damages based upon decisions to grant, deny, or revoke pardons and/or parole. *Fuller v. Georgia State Board of Pardons and Parole*, 851 F.2d 1307 (11th Cir.1988); *Cruz v. Skelton*, 502 F.2d 1101, 1101–02 (5th Cir.1974). The challenged actions of Defendants Hill and Hartly are inextricably intertwined with their decision-making authority, and they are, therefore, absolutely immune from damages. Consequently, Plaintiff's claims for monetary damages against these defendants in their individual capacity are due to be summarily dismissed under the directives of 28 U.S.C. § 1915(e)(2)(B)(iii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims challenging events which occurred on or before August 16, 2014, be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) as Plaintiff failed to file the complaint regarding these allegations within the time prescribed by the applicable statute of limitations;

2. Plaintiff's § 1983 claims against Defendant Alabama Board of Pardons and Paroles be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i);

4

3. Plaintiff's request for monetary damages against Defendants Hill and Hartly in their official and/or individual capacities be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(iii);

4. Plaintiff's request for injunctive relief against Defendants Hill and Hartly be referred to the undersigned for further proceedings.

It is further

ORDERED that **on or before January 18, 2017**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 4th day of January, 2017.

    /s/ Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE