IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AARON LAMONT JOHNSON, #190 394, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 2:16-CV-848-WKW ) [WO] ) |
| ALABAMA BOARD OF PARDONS AND PAROLES, *et al.*, | ) ) ) ) ) |
| Defendants. | ) |

## ORDER

On January 4, 2017, the Magistrate Judge filed a Recommendation. (Doc. # 14.) On January 19, 2017, Plaintiff Aaron Lamont Johnson filed objections. (Doc. # 15.) The court has conducted an independent and *de novo* review of those portions of the Recommendation to which objection is made. *See* 28 U.S.C. § 636(b).

On August 16, 2016, Plaintiff filed suit against the Alabama Board of Pardons and Paroles, Phyllis Hill, and Shirley Hartley,[1] because the Board of Pardons and Paroles refused his application for a pardon on grounds that his claim of innocence would better be resolved in the courts through postconviction relief.

---

[1] In the complaint, Plaintiff misspells Defendant Hartley's last name as "Hartly." (*See* Doc. # 15-1 (Defendant Hartley's signature on a letter to Plaintiff).)

(Doc. # 1.) Plaintiff seeks monetary damages and an injunction requiring the Board to issue a pardon.

The Magistrate Judge recommended the following: (1) that claims arising out of pardon denials that occurred prior to August 16, 2014, should be dismissed with prejudice because those claims are barred by the statute of limitations; (2) that claims against the Alabama Board of Pardons and Paroles be dismissed because the Eleventh Amendment grants the Alabama Board of Pardons and Paroles immunity from suit; (3) that official capacity claims against Defendants Hill and Hartley for monetary damages be dismissed; and (4) that individual capacity claims against Defendants Hill and Hartley be dismissed on grounds that pardon and parole board members are entitled to quasi-judicial immunity.

In his objections, Plaintiff sought leave to sue the individual members of the Alabama Board of Pardons and Paroles in their official capacities for injunctive relief, as well as Executive Board Director Cynthia Dillard and Assistant Executive Board Directors Eddie Cook, Jr., and Phil Bryant. (Doc. # 15.) On January 24, 2017, the Magistrate Judge granted Plaintiff leave to amend the complaint to add claims for declaratory and injunctive relief against Board members Robert Longshore, Cliff Walker, and William Wynne, but not against Dillard, Cook, or

Bryant. (Doc. # 17.) As the Magistrate Judge recognized, Plaintiff is entitled to seek injunctive and declaratory relief against Board members in their official capacities. However, Plaintiff cannot state a claim for relief against persons who are not Board members because non-members have no authority to decide whether to grant the requested pardon. The attachments to Plaintiff's objections reveal that Defendants Hill and Hartley are not Board members.[2]

Accordingly, it is ORDERED as follows:

1. The Recommendation of the Magistrate Judge (Doc. # 14) is MODIFIED in part to reflect that all claims against Hill and Hartley are due to be dismissed on grounds that Hill and Hartley are not Board members and do not have the authority to grant Plaintiff a pardon. In all other respects, the Recommendation of the Magistrate Judge (Doc. # 14) is ADOPTED.

2. Plaintiff's claims challenging events that occurred on or before August 16, 2014, are DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because Plaintiff failed to file a complaint regarding these allegations within the time prescribed by the applicable statute of limitations.

---

[2] Exhibits to Plaintiff's objections establish that Hill and Hartley are employees of the Board of Pardons and Paroles who signed letters informing Plaintiff of the Board's decision. (Doc. # 15-1; Doc. # 15-2.)

3. Plaintiff's § 1983 claims against Defendant Alabama Board of Pardons and Paroles are DISMISSED with prejudice under 28 U.S.C. §1915(e)(2)(B)(i). Plaintiff may pursue his claims for declaratory and injunctive relief against Defendants Longshore, Walker, and Wynne.

4. Plaintiff's claims for monetary, injunctive, and declaratory relief against Defendants Hill and Hartley are DISMISSED with prejudice[3] pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) for failure to state a claim upon which relief can be granted.

5. Plaintiff's Objections (Doc. # 15) are OVERRULED except that Plaintiff may proceed with his claims for declaratory and injunctive relief against Defendants Longshore, Walker, and Wynne.

6. This case is REFERRED back to the Magistrate Judge for further proceedings on Plaintiff's claims for declaratory and injunctive relief against Defendants Longshore, Walker, and Wynne.

DONE this 24th day of April, 2017.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Because Defendants Hill and Hartley have no authority to grant or deny Plaintiff a pardon, there is no basis for finding that providing Plaintiff an opportunity to file an amended complaint against Defendants Hill and Hartley would be fruitful.

4