IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| AARON LAMONT JOHNSON, #190 394, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:16-CV-848-ECM |
| | ) | [WO] |
| WILLIAM WYNNE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE**

Plaintiff Aaron Johnson, a state inmate incarcerated at the Donaldson Correctional Facility in Bessemer, Alabama, files this 42 U.S.C. §1983 action alleging Defendants violated his constitutional and statutory rights regarding his request to be considered for a pardon.[1] Johnson seeks declaratory and injunctive relief against defendants William Wynne, Jr., Robert Longshore, and Cliff Walker, who are, or were during the relevant time period, members of the Alabama Board of Pardons and Paroles (the "Board").[2] Docs. 1, 15.

---

[1] Johnson filed his complaint in the United States District Court for the Northern District of Alabama. By order entered October 11, 2016, the transferor court directed Johnson's complaint be transferred to this court under 28 U.S.C. § 1404(a) for review and disposition. Doc. 4.

[2] Johnson filed his original complaint against the Alabama Board of Pardons and Paroles, Phyllis Hill, and Shirley Hartley alleging a failure to properly consider his multiple requests for pardons. On January 4, 2017, Magistrate Judge Capel entered a Recommendation that Johnson's: (1) claims arising out of pardon denials that occurred prior to August 16, 2014, be dismissed with prejudice as barred by the statute of limitations; (2) claims against the Alabama Board of Pardons and Paroles be dismissed on immunity grounds; (3) damages claims against Defendants Hill and Hartley in their official capacity be dismissed; and (4) individual capacity claims against Defendants Hill and Hartley be dismissed on grounds that pardon and parole board members are entitled to quasi-judicial immunity. Doc. 14. On January 19, 2017, Johnson filed an objection to the Recommendation which Magistrate Judge Capel also considered a motion to amend to name Defendants Wynne, Longshore, and Walker as defendants. Docs. 15, 17. After considering Johnson's objections, by order of April 24, 2017, the court dismissed Johnson's claims

Defendants filed a special report, supplemental special report, and supporting evidentiary materials addressing Johnson's claims for relief. Docs. 22, 29. Upon receipt of Defendants' special report, as supplemented, the court entered an order which provided Johnson an opportunity to file a response to Defendants' reports. Doc. 30. This order advised Johnson his response should be supported by affidavits or statements made under penalty of perjury and other evidentiary materials. Doc. 30 at 2. The order further cautioned Johnson that unless "sufficient legal cause" is shown within ten days of entry of this order "why such action should not be undertaken, the court may at any time [after expiration of the time for his filing a response] and without further notice to the parties (1) treat the special report, as supplemented, and any supporting evidentiary materials as a motion for summary judgment and (2) after considering any response as allowed by this order, rule on the motion in accordance with law." Doc. 30 at 2. Johnson responded to Defendants' reports, *see* Doc. 33, but his response does not demonstrate there is any genuine issue of material fact. The court will treat Defendants' special report, as supplemented, as a motion for summary judgment, and concludes this motion is due to be resolved in favor of Defendants.

---

against Defendants Hill and Hartley concluding they were not members of the Alabama Board of Pardons and Paroles and therefore had no authority to grant Johnson a pardon, dismissed Johnson's claims against the Parole Board, dismissed Johnson's claims challenging events which occurred on or before August 16, 2014, as barred by the statute of limitations, and referred Johnson's claims for declaratory and injunctive relief against Defendants Wynne, Longshore, and Walker to the Magistrate Judge for review and disposition. Doc. 31.

## I. STANDARD OF REVIEW

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law." *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam); Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing the non-moving party has failed to present evidence to support some element on which it bears the ultimate burden of proof. *Id.* at 322−324.

Defendants have met their evidentiary burden. Thus, the burden shifts to Johnson to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(e)(3); *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593−594 (11th Cir. 1995) (holding that, once the moving party meets its burden, "the non-moving party must then go beyond the pleadings, and by its own affidavits [or sworn statements], or by depositions, answers to interrogatories, and admissions on file,"

demonstrate there is a genuine dispute of material fact) (internal quotations omitted). This court will also consider "specific facts" pled in a plaintiff's sworn complaint when considering his opposition to summary judgment. *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1098 (11th Cir. 2014). A genuine dispute of material fact exists when the non-moving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263; *Allen v. Bd. of Public Educ.*, 495 F.3d 1306, 1313 (11th Cir. 2007). The evidence must be admissible at trial, and if the nonmoving party's evidence "is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986); Fed. R. Civ. P. 56(e). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice . . . ." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 252). Only disputes involving material facts are relevant, materiality is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248.

To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255; *see also United States v. Stein,* 881 F3d 853 (11th Cir. 2018) (holding that a plaintiff's self-serving and uncorroborated, but not conclusory, statements

in an affidavit or deposition may create an issue of material fact which precludes summary judgment); *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1253 (11th Cir. 2013) (citations omitted) ("To be sure, [plaintiff's] sworn statements are self-serving, but that alone does not permit us to disregard them at the summary judgment stage. . . . 'Courts routinely and properly deny summary judgment on the basis of a party's sworn testimony even though it is self-serving.'"). "Conclusory, uncorroborated allegations by a plaintiff in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well-supported summary judgment motion." *Solliday v. Fed. Officers*, 413 F. App'x 206, 207 (11th Cir. 2011) (*citing Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990)); *see also Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (holding that conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine dispute of material fact).

Although factual inferences must be viewed in a light most favorable to the non-moving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *See Beard v. Banks*, 548 U.S. 521, 525 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Johnson's *pro se* status alone does not compel this court to disregard elementary principles of production and proof in a civil case.

## II. MATERIAL FACTS

The court takes judicial notice that Johnson is serving a sentence of life imprisonment without the possibility of parole on a conviction for murder imposed upon

him by the Circuit Court for Jefferson County, Alabama, in 1998.[3] *See Johnson v. Hook,* Civil Action No. 2:03-CV-2913-WMA-JEO (N.D. Ala. 2004). In November 2015 Johnson filed an application for a pardon with the Board to which he attached affidavits of eye witnesses who stated he did not shoot and kill the victim of the crime for which he was convicted. Doc. 1 at 3; *see also* Doc. 15-1 at 3–5. In response to his pardon application, Johnson received a letter from staff employed by the Board informing him the agency had received his request for a pardon based on actual innocence, the Board had authority and jurisdiction to grant a pardon during the service of a person's sentence if it is established that the person is innocent of the crime for which he/she is convicted, and explaining how the Board may exercise its jurisdiction regarding a pardon application. Doc. 15-1 at 2. The letter further advised Johnson that "more appropriate remedies are available under Alabama law to a person wrongfully convicted of a crime they did not commit . . . like a [a] judgment of innocence by a court of competent jurisdiction." Doc. 15-1 at 2. Johnson claims this letter reflects Defendants' failure to properly consider him for a pardon based on his innocence resulting in a violation of his constitutional and statutory rights and also reflects that Defendants are "lying to [him] about what law to apply." Doc. 15 at 2–4.

---

[3] *See Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009) (holding that this court may take judicial notice of its own records and the records of other federal courts).

## III. DISCUSSION[4]

### A.   Official Capacity Claims

Defendants, in their official capacities as employees of the Board, are absolutely immune from a suit for damages. *See Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1277 (11th Cir. 1998) (state officials sued in their official capacities are protected from suit for damages under the Eleventh Amendment). "A state, a state agency, and a state official sued in his official capacity are not 'persons' within the meaning of § 1983, thus damages are unavailable." *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1524 (11th Cir. 1995). "Moreover, the Eleventh Amendment prohibits suits against state officials where the state is, in fact, the real party in interest." *Summit Medical Associates, P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999); *Lane v. Central Alabama Community College*, 772 F.3d 1349, 1351 (11th Cir. 2014) ("Generally speaking, the Eleventh Amendment bars civil actions against state officials in their official capacity when the state is the real, substantial party in interest.") (citation and internal quotation marks omitted).

---

[4] The court notes that additional allegations of constitutional violations presented in an opposition which were not affirmatively pled in the complaint or amendments thereto are not considered. Under well-settled law, a plaintiff may not "amend" his complaint through his opposition by raising new claims. *See Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1297 (11th Cir. 2006) (rejecting a new basis for a pending claim raised during summary judgment proceedings); *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314 (11th Cir. 2004) (finding the Rules of Civil Procedure do "not afford plaintiffs with the opportunity to raise new claims at the summary judgment stage."). The court, therefore, addresses the claims against Defendants alleged in the complaint and amendment to the complaint, and considers the facts alleged only to the extent that they support those claims. *See Chavis v. Clayton Cnty. Sch. Dist.*, 300 F.3d 1288, 1291 n. 4 (11th Cir. 2002) (refusing to address a new theory raised during summary judgment because the plaintiff had not amended the complaint).

The Eleventh Amendment immunity, however, does not preclude suits against state officials in their official capacities for prospective declaratory or injunctive relief for ongoing constitutional violations. *See, e.g., Grizzle v. Kemp*, 634 F.3d 1314, 1319 (11th Cir. 2011) ("a suit alleging a violation of the federal constitution against a state official in his official capacity for injunctive relief on a prospective basis is not a suit against the state, and, accordingly, does not violate the Eleventh Amendment"); *see also Summit Medical*, 180 F.3d at 1337 ("the Eleventh Amendment bars suits against state officials in federal court seeking retrospective or compensatory relief, but does not generally prohibit suits seeking only prospective injunctive or declaratory relief"). Thus, Defendants are not immune from a request for declaratory relief or from Johnson's request for prospective injunctive relief—that defendants consider him for a pardon—regarding what he claims to be an ongoing constitutional deprivation—denying him consideration for a pardon at a hearing.

**B.     Section 1983 Claim**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights.  In relevant part, § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ...

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged

deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Johnson contends Defendants Longshore, Walker, and Wynne violated his constitutional rights by failing to properly consider him for a pardon based on actual innocence. He requests a declaratory judgment that his constitutional and statutory rights have been violated because of Defendants' conduct and prospective injunctive relief directing Defendants to consider him for a pardon at a hearing based on his claim of actual innocence. Doc. 15 at 3; Doc. 33 at 2–3.

As members of the Board, Defendants affirm they are (or were) vested with decision-making authority to grant or deny pardons and paroles. Defendants maintain a pardon based on innocence may be granted a prisoner under Ala. Code § 15-22-36(c) "upon the unanimous affirmative vote of the board following receipt and filing of clear proof of his or her innocence of the crime for which he or she was convicted and the written approval of the judge who tried his or her case or district attorney or with the written approval of a circuit judge in the circuit where he or she was convicted if the judge who tried his or her case is dead or no longer serving." Defendants contend, however, that Johnson did not meet the requirements to receive a pardon based on innocence and, therefore, his file was not considered by the Board for a pardon.  Specifically, Defendants state Johnson did not provide clear proof of his innocence of the crime for which he was convicted and written approval from the judge who tried his case or from the District Attorney, or written approval from  a circuit judge in the circuit where he was convicted if

9

the judge who tried his case has passed away or is no longer on the bench. Doc. 29-1–29-3.

Johnson maintains he has a due process right to have the Board consider his request for a pardon and to also hold a vote on his application for a pardon based on his claim of actual innocence. According to Johnson, "Act 1997, No. 97-208, eliminates any requirement that [he] provide written approval from any judicial officer before there is a 'vote of Board' on his application for [a] Pardon[]."[5] Doc. 33 at 4.

Johnson fails to allege a Fourteenth Amendment violation regarding his allegations that the Board failed to properly consider his application for a pardon. The Fourteenth Amendment's Due Process Clause guarantees that no state shall "deprive any person of . . . liberty . . . without due process of law." U.S. Const. amend. XIV. To succeed on a due process claim, a plaintiff must first show the existence of a protected property or liberty interest. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). Imprisonment is deprivation of a liberty interest, but it is constitutional, provided that the conviction is valid and "the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *accord Sandin v. Conner*, 515 U.S. 472, 484 (1995) (finding that inmate's placement on disciplinary segregation constitutes a loss of liberty when it imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life.").

---

[5] Despite a diligent search, the court has been unable to locate the specific Act cited by Johnson nor has the court located the specific language quoted by Johnson in regard to the cited reference in any of the statutes governing pardons.

10

Here, Johnson fails to raise a claim of constitutional magnitude because he has no constitutionally protected liberty interest in receiving a pardon. *See Ohio Adult Parole Authority v. Woodard*, 523 U.S. 272, 276 (1998) (footnote omitted) (reaffirming *Connecticut Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464 (1981), that "pardon and commutation decisions have not traditionally been the business of courts; as such, they are rarely, if ever, appropriate subjects for judicial review."); *see also Solesbee v. Balkcom* 339 U.S. 9, 12 (1950). While judicial intervention may be appropriate in extraordinary death penalty cases to ensure that the procedure is not entirely arbitrary, non-death cases implicate no federal interest. *See Woodard*, 523 U.S. at 289 (O'Connor, J., concurring). Thus, Johnson has no liberty interest arising from the Due Process Clause itself that his application for a pardon on a lawfully imposed sentence will be granted, considered, or set for a hearing based on his claim of actual innocence. *See id.* at 465. *See Osborne v. Folmar,* 735 F.2d 1316, 1317 (11th Cir. 1984 (holding that "[t]he lack of any liberty interest in or right or entitlement to the exercise of the pardon power in any particular way . . . disposes of the procedural due process claim under *Dumschat*.").

A liberty interest arises only if the state creates a protected liberty interest in statutes or other rules defining the obligations of the authority charged with granting pardons. *See Dumschat*, 452 U.S. at 465. Under Alabama law, however, Johnson has no right to be considered for or granted a pardon based on a claim of actual innocence nor does the pardon statute require the Board to hold a vote on applications for pardon consideration based on actual innocence. Whether to grant a pardon based on innocence is discretionary with the Board under state law, subject to restrictions imposed by the legislature. Ala. Code § 15-

22-36. *See Sandin,* 515 U.S. at 482 (denouncing the notion that a violation of state prison regulations provides a basis for a procedural due process claim because it "creates disincentives for States to codify prison management procedures"); *Sullivan v. Smith*, 925 So. 2d 972, 975 (Ala. Civ. App. 2005) (observing that "determinations regarding whether a prisoner should be pardoned or parole" is discretionary with the Board.); *Strong v. Alabama Bd. of Pardons and Paroles*, 859 So.2d 1201, 1204 (Ala. Crim. App. 2001) (quotation marks and citations omitted) (recognizing that "[o]btaining an early release through parole, like obtaining a pardon, is wholly contingent upon either the grace of the detaining authority or some affirmative statutory entitlement"); *Tedder v. Alabama Bd. of Pardons and Paroles*, 677 So.2d 1261, 1263 (Ala. Crim. App. 1996) (quotation marks citations omitted) ("the Alabama parole statute is framed in discretionary terms"); *Johnston v. Alabama Pardon and Parole Bd*., 530 F. Supp. 589, 591 (M.D. Ala. 1982) ("Absent a showing of arbitrary or capricious action, the Court will not intervene in the discretionary power vested in the Board of Pardons and Paroles.").

The Alabama pardon statute sets forth no criteria for granting a pardon. It simply says, in relevant part, that "a pardon based on innocence *may* be granted upon the unanimous affirmative vote of the board following receipt and filing of clear proof of his or her innocence of the crime for which he or she was convicted *and* the written approval of the judge who tried his or her case or district attorney or with the written approval of a circuit judge in the circuit where he or she was convicted if the judge who tried his or her case is dead or no longer serving." Ala. Code § 15-22-36(c) (emphasis added). Thus, the Alabama pardon statute contains discretionary, not mandatory, terms. Johnson, therefore,

does not possess a liberty interest protected by the Due Process Clause of the Constitution in being granted a pardon, being considered for a pardon, or having a hearing by the Board to vote on an application for a pardon based on actual innocence. Without a protected liberty interest in being considered for a pardon, a prisoner typically cannot mount a challenge against a state pardon review procedure on procedural or substantive due process grounds. *See Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997); *see also Olim v. Wakinekona*, 461 U.S. 238, 249 (1983) (if the official need not base its decision on objective criteria but can deny the requested relief for any constitutionally permissible reason or no reason, "the State has not created a constitutionally protected liberty interest"); *Valle v. Secretary, Florida Dept. of Corrections*, 654 F.3d 1266, 1268 (11th Cir. 2011) (noting that that clemency is granted as a matter of grace); *Cunningham v. District Attorney's Office for Escambia County*, 592 F.3d 1237, 1272 (11th Cir. 2010) (recognizing in a case involving an Alabama state prisoner there is "no constitutional right to state clemency proceedings"); *see also District Attorney's Office for Third Judicial District v. Osborne*, 557 U.S. 52, 67-68 (2009) (*citing Dumschat*, 452 U.S. at 464) (finding that "noncapital defendants do not have a liberty interest in traditional state executive clemency, to which no particular claimant is *entitled* as a matter of state law") (emphasis in Osborne)); *cf. Thomas v. Sellers*, 691 F.2d 487, 489 (11th Cir. 1982) (holding that "[t]he Alabama [parole] statute . . . calls for discretionary rather than mandatory action on the part of the board. . . . It does not contain any language that mandates parole . . . When the statute is framed in discretionary terms there is not a liberty interest created.").

Even though there is no liberty interest involved, a parole board may not engage in "flagrant or unauthorized action." *Thomas*, 691 F.2d at 489. As explained, Defendants maintain Johnson did not meet the requirements to receive [or be considered for] a pardon based on innocence because he did not provide the Board with written approval from the judge who tried his case or the District Attorney, or written approval from a circuit judge in the circuit where he was convicted if the judge who tried Johnson's criminal case is dead or no longer serving. Defendants, therefore, testify they did not consider Johnson's file. Doc. 29-1–29-3. Defendants' decision demonstrates a reasonable and appropriate action under the circumstances. *See Hendking v. Smith*, 781 F.2d 850, 852 (11th Cir. 1986). Johnson has presented no evidence indicating arbitrary or capricious actions by Defendants in relation to his request to be considered for a pardon. For the foregoing reasons, Defendants are due to be granted summary judgment.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants' motion for summary judgment (Doc. 22) be GRANTED.

2. Judgment be GRANTED in favor of Defendants.

3. This case be DISMISSED with prejudice.

4. Costs be taxed against Plaintiff.

It is further

ORDERED that **on or before December 23, 2019**, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects.

Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 9th day of December, 2019.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE