IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| AARON LAMONT JOHNSON, #190394, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO. 2:16-cv-848-ECM |
| | ) | (WO) |
| WILLIAM WYNNE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

On December 9, 2019, the Magistrate Judge entered a Recommendation recommending that judgment be entered in favor of the Defendants and against the Plaintiff in this § 1983 action. (Doc. 46). On December 27, 2019, the Plaintiff filed objections to the Recommendation. (Doc. 47). The Court has carefully reviewed the record in this case, the Recommendation of the Magistrate Judge, and the Plaintiff's objections. Only one of the Plaintiff's objections merits any discussion. Specifically, the Plaintiff relies on Alabama Act 1997 No. 97-208 to assert that the Defendants' failure to set a parole hearing constitutes "flagrant and unauthorized action." (Doc. 47).

The crux of the Plaintiff's objection is his assertion that Alabama Act No. 97-208 requires the Defendants to consider him for a pardon at a hearing, and by failing to do so, the Defendants violated his rights under the Fourteenth Amendment's Due Process Clause. The Plaintiff's reliance on Act No. 97-208 is misplaced because Act No. 97-208 is a Senate Joint Resolution that confers no rights on the Plaintiff. Alabama Act No. 97-208, S.J.R. 97 provides in pertinent part as follows:

> BE IT RESOLVED BY THE LEGISLATURE OF ALABAMA, BOTH HOUSES THEREOF CONCURRING, That the Alabama Board of Pardons and Paroles is strongly urged to immediately begin conducting hearings concerning applications for a pardon, irrespective of the prior receipt of written approval of any judicial officer.

AL SJR 97, 1997, Regular session (1997, April 16).

Under Alabama law, the Plaintiff has no right to be considered for or granted a pardon, and the Senate Joint Resolution does not change that. In other words, because the Plaintiff does not have a liberty interest in parole, the Defendants cannot be held liable for an alleged violation of the Fourteenth Amendment's Due Process Clause for failing to hold a hearing. *See Thomas v. Sellers*, 601 F.2d 487 (11th Cir. 1982) (holding, in case in which plaintiff alleged a due process violation based on the Alabama Board of Pardons and Paroles' failure to provide notice that it changed the date of his hearing, that because "the Alabama parole statutes do not create a liberty interest and the appellant has failed to show arbitrary or capricious action on the part of the Alabama Board of Pardons and Paroles, the claims of the appellant are without merit"). Because it is well established that neither the Constitution nor Alabama law confers a liberty interest in parole, the Plaintiff's objections are due to be overruled. *See Greenholtz v. Inmates of Nebraska Penal Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence") (internal citation omitted); *Thomas*, 691 F.2d at 489 (11th Cir. 1982)

(Alabama's parole statute is framed in discretionary terms and, therefore, does not confer a liberty interest in parole).

Accordingly, upon an independent review of the file in this case, and for good cause, it is

ORDERED as follows that:

1. the Plaintiff's objections are OVERRULED;

2. the Recommendation of the Magistrate Judge is ADOPTED;

3. the Defendants' motion for summary judgment (docs. 22 & 29) is GRANTED;

4. judgment is GRANTED in favor of the Defendants;

5. this case be and is hereby DISMISSED with prejudice; and

6. costs of this proceeding be and are hereby TAXED against the Plaintiff for which execution may issue.

A separate judgment will be entered.

DONE this 8th day of January, 2020.

                                        /s/ Emily C. Marks  
                                        EMILY C. MARKS  
                                        CHIEF UNITED STATES DISTRICT JUDGE